IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.                                                    Civil Action No. **3:16CV40**

MONICA K. VICK, *et al.*,

    Defendants.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on December 5, 2016, the Court dismissed this 42 U.S.C. § 1983 action without prejudice because Plaintiff "refused repeatedly to comply with the Court's directives." (ECF No. 75, at 5.) In its Memorandum Opinion, the Court explained:

> By Memorandum Order entered on October 11, 2016, the Court explained the following to Plaintiff:
>> By Memorandum Order entered on March 25, 2016, the Court discussed how "[s]ince the time Plaintiff filed the initial Complaint, she has inundated the Court with no less than eight letters, in which she attempts to spackle names and allegations to her Complaint, to move a state custody case to this Court . . . , and to add various state court documents, grievances, and correspondence to her pending action." (ECF No. 16, at ¶ 4.) The Court denied her requests and attempts to amend. (*See id.*) Undeterred, Plaintiff submitted at least eleven more letters and attempts to amend before she was granted *in forma pauperis* status.
>> By Memorandum Order entered on May 27, 2016, the Court filed the action. (ECF No. 33.) In that Memorandum Order, the Court stated
>>> Despite being warned that the Court would not consider letters and motions until she was granted *in forma pauperis* status, Plaintiff has continued to inundate the Court with letters and purported amendments. Plaintiff also insists that the Clerk provide her with a copy of the docket reflecting the various names she has attempted to add. (*See* ECF No. 23, at 1.) In her newest

> submissions, she continues to attempt to spackle names and allegations to her Complaint, and to add various state court documents, grievances, and correspondence to her pending action.
>
> Litigants may not spackle new allegations or defendants onto the original complaint. *See Williams v. Wilkerson*, 90 F.R.D. 168, 169-70 (E.D. Va. 1981). When a plaintiff seeks leave to amend her complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Id.* at 170. Plaintiff has not submitted a copy of her proposed amended complaint. To the extent that she requests to amend her complaint with these various submissions, her requests are DENIED. No further action will be taken on these letters and submissions.

(*Id.* ¶ 5.) After this warning, Plaintiff has continued to disregard the directives of the Court and has submitted at least eighteen letters and "Notices" attempting to improperly tack on or remove defendants, add vague claims, and submit purported evidence that makes little to no sense.

In order to state a viable claim under 42 U.S.C. § 1983,[1] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Moreover, in her current Complaint, Plaintiff does not identify the particular constitutional right that was violated by the defendants' conduct. In addition, Plaintiff's current allegations also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff's current Complaint also fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff fails to identify the basis for the Court's jurisdiction and fails to provide a short and plain statement of her claim.

Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:16CV40."

    b.    The first paragraph of the particularized pleading must contain a list of

      defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

      c. The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.

Plaintiff's particularized complaint must also comply with Federal Rule of Civil Procedure Rule 8(a). **<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder

4

>  requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.
>
> (ECF No. 62, at 1–5 (alterations in original).)
>  On October 31, 2016, the Court received from Plaintiff a letter that the Court construes as a Particularized Complaint. ("Particularized Complaint," ECF No. 69.) Plaintiff states: "The following is what –MAGISTRATE YOUNG– requested. All civil rights violations listed w/addressed who violated what; therefore, I expect everyone to stay on this suit. NO DISMISSAL." (*Id.* at 1 (capitalization and punctuation corrected).) The Particularized Complaint is nothing more than a list of eighty defendants. Each defendant has a series of codes listed next to his or her name that correspond to a list of purported types of discrimination in a "Key." (*See id.* at 2.) Plaintiff has failed to comply with the directives of the Court in its October 11, 2016 Memorandum Order. Plaintiff's Particularized Complaint fails to follow the Court's directives pertaining to the form of the particularized complaint, fails to identify the constitutional right violated by each defendant's conduct, fails to provide each defendant with fair notice of the facts against him or her, and fails to comport with Federal Rules of Civil Procedure 8(a) and 20. Although Plaintiff's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Plaintiff has refused repeatedly to comply with the Court's directives. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

(ECF No. 75, at 1–5.).

After the Court dismissed the action, on December 12, 2016, Plaintiff filed a document entitled both "Particularized Complaint" and "Written Notice of Appeal." (ECF No. 78, at 1.) The Court construes this filing as a motion pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). Prasad argues that she is "paring down 'the list' (of 80?!) [defendants] that you falsely state that is on this case . . . ." (Rule 59(e) Mot. 2.)[2] Plaintiff lists approximately sixteen defendants and once again provides vague allegations of discrimination. Plaintiff then indicates that she "tr[ies] to break it down." (*Id.* at 4.) However, she provides a rambling and

---

[2] The Court corrects the capitalization and removes emphasis in the quotes from Plaintiff's submissions.

5

conclusory description of how "all discriminated against me on the basis of sex, race . . . religion, color, mental status . . . ." (*Id.*)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff fails to demonstrate that the Court committed a clear error of law or that reopening her case is necessary to prevent manifest injustice. Nor does Plaintiff demonstrate any other basis for granting Rule 59(e) relief. *See Williams v. Virginia*, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998))).

To the extent that Plaintiff intended her filing to be a Particularized Complaint, she fails to correct the deficiencies identified by the Court in its Orders or in the Memorandum Opinion and Order dismissing the action.[3] Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 78) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAR 22 2017
Richmond, Virginia

---

[3] On December 14, 2016, Plaintiff filed a letter with yet another § 1983 complaint. (ECF Nos. 80, 80–1.) Once again the complaint lists numerous defendants but fails to identify the constitutional right violated by each defendant's conduct, fails to provide each defendant with fair notice of the facts against him or her, and fails to comport with Federal Rules of Civil Procedure 8(a) and 20.